J-A25039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WANYA ROSSER, | |
| Appellant | No. 3258 EDA 2013 |

Appeal from the Judgment of Sentence June 4, 2013
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-008571-2010

BEFORE:  DONOHUE, J., WECHT, J., and PLATT, J.[*]

DISSENTING MEMORANDUM BY PLATT, J.:      **FILED MARCH 16, 2015**

I respectfully dissent from the decision of the learned Majority to vacate the judgment of sentence and remand for a new trial.

"[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination [designed to show potential bias.] . . . [T]he Confrontation Clause guarantees an **opportunity** for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." ***Delaware v. Van Arsdall***, 475 U.S. 673, 679 (1986) (citation and internal quotation marks omitted; emphasis in original).  "Thus, the Confrontation Clause is generally satisfied when the defense is given a

_____

[*] Retired Senior Judge assigned to the Superior Court.

full and fair opportunity to probe and expose . . . infirmities through cross-examination[.]" ***Commonwealth v. Herrick***, 660 A.2d 51, 60 (Pa. Super. 1995), *appeal denied*, 672 A.2d 305 (Pa. 1996) (citation and internal quotation marks omitted).

In the instant case, on direct examination, the Commonwealth questioned Ms. Ryan extensively regarding the attack and the statements that she and Appellant made to one another during it. (***See*** N.T. Trial, 1/15/13, at 8-132). Ms. Ryan did not give any testimony to the effect that Appellant told her that he had a girlfriend and baby. (***See id.***). Following her direct testimony, defense counsel vigorously cross-examined Ms. Ryan regarding her version of events, including the statements she claimed she and Appellant made to one another during the episode. (***See id.*** at 140-41, 145, 150, 214, 218).

In my view, the learned Majority makes a great leap in stating that defense counsel's proposed questioning regarding a girlfriend and baby was relevant to show Appellant "dashed [the victim's] hopes for a romantic relationship and thus motivated her to fabricate false rape accusations in retaliation" and "crucial" to Appellant's defense. (Majority Memorandum, at 6, 8). I would conclude that the requirement of a full and fair opportunity to cross-examine Ms. Ryan was satisfied relative to the factual issues that the Commonwealth raised on direct examination, and that the trial court properly acted within its discretion to exclude defense counsel's proposed line of inquiry. Accordingly, I respectfully dissent.